UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

In re:                                              Chapter 11

**CERTIFIED DIABETIC SERVICES, INC.,**              **Case Nos. 9:10-bk-11046,**
CERTIFIED DIABETIC SUPPLIES, INC.,                  9:10-bk-11047, and
and CDS PHARMACIES, INC.                            9:10-bk-11048

             Debtors.                               **Jointly Administered in**
_____/            **Case No. 9:10-bk-11046**

## ORDER APPROVING SALE OF FIXED ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO AUCTION SALE

**THIS CASE** came on for hearing on August 18, 2010 at 9:30 a.m. upon the Motion to Sell Fixed Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to Auction Sale (the "**Motion**") (Doc. No. 57) filed by Certified Diabetic Services, Inc., Certified Diabetic Supplies, Inc., and CDS Pharmacies, Inc. (collectively, "**Certified Diabetic**" or the "**Debtors**") and the Order (A) Granting Debtors' Motion to Sell Fixed Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to Auction Sale, (B) Setting Time and Place for the Auction, (C) Establishing Deadline for Objections, and (D) Scheduling Final Hearing for Approval of Auction Results (the "**Procedures Order**") (Doc. No. 81). Pursuant to the Procedures Order, the Auctioneer[1] conducted an auction sale of the Assets at the Debtors' principal place of business on August 17, 2010. Subsequent to the Auction, the Debtor filed the Auctioneer's Report (Doc. No. 105) detailing the results of the Auction and the highest and best bids for each lot of the Assets sold at the Auction.

Having reviewed the Auctioneer's Report, together with the record, and heard the arguments of counsel, the Court finds that the Motion and notice of the Auction, the bid procedures, including the objection deadline, were served upon (a) potential bidders, (b) the

---

[1] Capitalized terms not otherwise defined shall have the meaning ascribed in the Motion and the Procedures Order.

United States Trustee, (c) each secured party of record and each other entity known by the Debtors to assert liens or claims against, or rights or interests in, any or all of the Assets, and (d) all creditors and parties in interest listed on the Clerk's mailing matrix for this case.

The Court further finds that notice of the Auction, the bid procedures, the objection deadline, and this hearing was adequate, sufficient, and appropriate under the circumstances of this Chapter 11 case and constitutes due, adequate, and timely notice in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of this Court, and this Court's previous order establishing notice procedures for this case, and otherwise satisfies the procedural requirements of due process. Any requirements for other notice are hereby waived and dispensed with pursuant to Bankruptcy Rules 2002, 6006, 9006 and 9007, Rule 2002-1 of the Local Rules and Section 105(a) of the Bankruptcy Code.

The Court specifically finds that the winning bids set forth in the Auctioneer's Report represent the highest and best bid for the respective Assets and all winning bidders acted in good faith for purposes of Section 363(m) of the Bankruptcy Code and are therefore entitled to the protection of those provisions.

Accordingly, for the reasons stated orally and recorded in open court, it is **ORDERED** that:

1. The Auctioneer's Report is **APPROVED**.

2. The Auction was conducted in a fair and reasonable manner intended to generate the highest price for the Assets at the Auction.

3. The Debtors are hereby authorized to sell any Assets remaining unsold after the Auction at such prices and upon such terms and conditions that the Debtors deem reasonable in their business judgment without the need for further order of this Court.

4.  The liens of the Lee County Tax Collector and the Collier County Tax Collector for unpaid tangible personal property taxes attach to the proceeds of the Auction to the same extent, priority and validity that such liens had as of the commencement of these bankruptcy cases and the Debtor is authorized to promptly pay the $5,012.73 to the Lee County Tax Collector and $20,227.32 to the Collier County Tax Collector in full and final satisfaction of such liens.

**DONE** and **ORDERED** in Tampa, Florida on August 18, 2010.

MICHAEL G. WILLIAMSON
United States Bankruptcy Judge

Copies provided via CM/ECF